IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : : : | CIVIL ACTION NO. 10-117 |
| v. | : : | |
| AECOM USA, INC. | : : : | |
| v. | : : | |
| UCI, INC., et al. | : | |

O'NEILL, J.                                                                                    DECEMBER 9, 2010

## MEMORANDUM

On November 19, 2010, I denied third party defendant UCI Architects, Inc.'s motion to dismiss AECOM USA, Inc.'s third party complaint against it. On November 29, 2010, UCI timely moved for reconsideration of that decision. In the alternative, it moved for certification of the November 19, 2010 Order for interlocutory appeal. AECOM has not filed a response. For the reasons that follow, I will deny both motions.[1]

## DISCUSSION

I.     UCI's Motion for Reconsideration Will Be Denied

This Court has a strong interest in the finality of its decisions. Motions for reconsideration will therefore be granted sparingly. Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Such a motion will be granted only where the party seeking reconsideration has demonstrated: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the Court entered judgment; or (3) the

---

[1] The background of this case is set forth at length in my November 19, 2010 opinion. UCI has not offered any additional facts in support of its motion for reconsideration.

need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration may not be used "as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, No. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 19, 2001).

The basis of UCI's motion for reconsideration is that my denial of its motion to dismiss the third party complaint against it amounted to a clear error of law and a manifest injustice. See UCI's Mot. at ¶ 30 (Doc. No. 72).[2] Specifically, UCI separates the architecture and design of the train stations into two categories: (1) the design of the train stations themselves; and (2) the design of the stations' foundations, platforms and adjacent rail systems. UCI concedes that it could be responsible for allegations of negligence with respect to the first category. It argues, however, that the complaints[3] contain allegations of negligence only with respect to the second category, for which it asserts it was not responsible. See UCI's Br. at 4 (Doc. No. 72) ("common sense dictates that the architect that was responsible for the architectural design of the train stations would not have anything to do with the guideway, support plinths, third-rail, rail elevation, the use of grout to affix fasteners to the rails, the precast deck segments, or the

---

[2] UCI does not argue that there has been a change in controlling law or that new evidence has become available since I decided the motion to dismiss.

[3] In deciding the motion to dismiss, I considered both the allegations in the third party complaint and the allegations in SEPTA's original complaint. As I explained in my November 19, 2010 opinion, the allegations contained in SEPTA's complaint against AECOM are relevant here because they were incorporated into AECOM's third party complaint against, inter alia, UCI.

2

foundations . . . .").

I find no clear error of law or manifest injustice. UCI's proposed distinction is untenable at this stage because it is not supported by the well pleaded allegations in the complaint. See Balush v. Independence Blue Cross, No. 96-7303, 1996 WL 741960, at *3 (E.D. Pa. Dec. 17, 1996), citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 (3d Cir. 1994) ("on a motion to dismiss under Rule 12(b)(6) . . . our review is confined to plaintiffs' complaint, 'matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.'"). The third party complaint alleged that UCI provided architectural and design services for the project. See Third Party Compl. at ¶ 48 ("UCI agreed to provide all technical design services for the architectural discipline of the Project."). AECOM later conceded in a brief that "all of the architectural services for the Project was [sic] for the Stations." AECOM's Br. at 2 (Doc. No. 64). Absent additional allegations in the complaints limiting the scope of UCI's responsibility for the project, it would be unreasonable to interpret "stations" not to include the attached precast deck segments, their supporting plinths, the adjacent rail systems and especially the stations' foundations.[4] Because the complaints included allegations of negligent architecture and design with respect to each of these components of the train station, I properly denied UCI's motion to dismiss.

I emphasize that the evidence might ultimately reveal that UCI's proposed distinction is

---

[4] As noted in a parenthetical supra, UCI argues that "common sense dictates that the architect that was responsible for the architectural design of the train stations would not have anything to do with the guideway, support plinths, third-rail, rail elevation, the use of grout to affix fasteners to the rails, the precast deck segments, or the foundations . . . ." UCI's Br. at 4 (Doc. No. 72). The scope of my common sense and judicial experience does not extend quite so far. Whether the architect responsible for the train stations would also be responsible for the adjacent structures is a question of fact on which I expect the parties to produce evidence.

3

valid and that UCI was not responsible for any of the negligent architectural services alleged in the complaint. I cannot make such a determination, however, simply on the basis of UCI's assertions. Until UCI presents evidence that eliminates all genuine issues of material fact as to the scope of its involvement in the project, I will not dismiss the claims against it.

II.  UCI's Motion for Certification Will Be Denied

UCI alternatively requests that I certify my November 19, 2010 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292. Section 1292 provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The district court has the discretion to certify an order for interlocutory appeal if: (1) the certified Order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). Because of the strong policy against "piecemeal litigation," see Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 321 (E.D. Pa. 1994), motions to certify a question for interlocutory appeal should be granted only in exceptional circumstances. See Piazza v. Major League Baseball, 836 F. Supp. 269, 270 (E.D. Pa. 1993).

This case does not present the exceptional circumstances necessary to justify certifying my order for interlocutory appeal. Even assuming the other two elements are met, I find that there is no substantial ground for a difference of opinion on the question of law presented by

4

UCI's motion to dismiss. "Substantial ground for difference of opinion [exists when the matter involves] one or more difficult and pivotal questions of law not settled by controlling authority." Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D Pa. 2008), citing McGillicuddy v. Clements, 746 F.2d 76, 76 n. 1 (1st Cir. 1984). "A genuine doubt must exist about the legal standard governing a particular case." In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 706 (M.D. Pa. 2009), citing Knipe, 583 F. Supp. 2d at 600.

There are no such questions in this case. Both the Supreme Court and the Court of Appeals have clearly set forth the standard of review applicable to a motion to dismiss. See Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). UCI's argument is simply that I have applied those standards incorrectly to the facts of this case. Such an argument is insufficient to overcome the presumption against certification.

Additionally, UCI suggests that I certify the Order for appellate review on the ground that "the application of Twombley and Iqbal to third party complaints in cases involving sub-contracting or sub-consulting agreements has never been [analyzed] by the Third Circuit." See UCI's Br. at 13. Neither party has offered a compelling argument that Twombley and Iqbal do not apply to this case. Indeed, as I pointed out in my November 19, 2010 opinion, other courts that have considered this issue have held, without exception, that Twombley and Iqbal apply with equal force to crossclaims, counterclaims and third party complaints.[5] See Travelers Indem. Co. v. Dammann & Co., Inc., 594 F.3d 238, 256 n.13 (3d Cir. 2010) (applying the Iqbal pleading

---

[5] It is surprising that UCI seeks interlocutory appellate review of this question because in its motion to dismiss it argued that Twombley and Iqbal apply to this case and I ruled in its favor.

standard to crossclaims); Rocheux Intern. of N.J., Inc. v. U.S. Merch. Fin. Gr., Inc., —F. Supp. 2d—, 2010 WL 3833733, at *6 (D.N.J. Sep. 29, 2010) (noting that Iqbal and Twombley apply to counterclaims); Simon Prop. Gr., Inc. v. Palombaro, 682 F. Supp. 2d 508, 511 (W.D. Pa. 2010) (same); Miami Valley Fair Housing Ctr. v. Steiner & Assocs., Inc., No. 08-00150, 2010 WL 2631110, at *7 (May 13, 2010) (applying Twombley and Iqbal to third party complaint); Colon v. Blades, —F.R.D.—, 2010 WL 1731666, at *2 (D.P.R. Apr. 29, 2010) (same); Mottley v. Maxim Crane Works, L.P., No. 06-78, 2010 WL 1284433, at *2 (D.V.I. Mar 26, 2010) (Bartle, C.J.) (same); Source One Global Partners, LLC v. KGK Synergize, Inc., No. 08-7403, 2009 WL 2192791, at *2 (N.D. Ill. July 21, 2009) (same). I will thus decline to certify this question for interlocutory review.

## CONCLUSION

For the reasons discussed supra, I will deny UCI's motions for reconsideration and for certification.

An appropriate Order follows.